# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL EDWARD YARBROUGH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | NO. 1:13-CV-160 |

## OPINION AND ORDER

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by Michael Edward Yarbrough, a *pro se* prisoner, on May 16, 2013. (DE # 1.) The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. For the reasons set forth below, the petition (DE # 1) is **DISMISSED WITHOUT PREJUDICE.**

BACKGROUND

According to the petition, Yarbrough is presently detained at the Steuben County Jail awaiting trial on a charge that he committed fraud on a financial institution. (DE # 1 at 1.) Giving the petition liberal construction, he claims that the prosecutor

improperly reneged on a promise to dismiss the pending charge if he provided certain information about a murder case. (*Id.* at 3-4.) He seeks dismissal of the fraud charge and immediate release from custody. (*Id.* at 6.)

DISCUSSION

"Ordinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." *United States ex rel. Stevens v. Circuit Court of Milwaukee County*, 675 F.2d 946, 947 (7th Cir. 1982); *see also Younger v. Harris,* 401 U.S. 37 (1971). Although there is a narrow exception involving double jeopardy claims, *see Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 302–03 (1984), this case does not present a double jeopardy claim. If Yarbrough believes that he has a viable defense to the pending criminal charge or that his case is not being properly adjudicated, he can present those claims to the state courts. The petition will be dismissed, but the dismissal will not preclude him from seeking federal habeas relief at a later date, if he is convicted and properly exhausts his claims in one complete round of state review. *See* 28 U.S.C. § 2254(b)(1)(A).

CONCLUSION

For the reasons set forth above, the petition (DE # 1) is **DISMISSED WITHOUT PREJUDICE.**


DATED:  May 31, 2013          /s/RUDY LOZANO, Judge
                              **United States District Court**